COPY

ORIGINAL FILED

AUG 27 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  ANN K. JOHNSTON, ESQ. (SBN 145022)
   BERGER KAHN
2  A Law Corporation
   7200 Redwood Boulevard, Suite 325
3  Novato, CA  94945
   Tel:  (415) 899-1770  •  Fax: (415) 899-1769
4
   Attorneys for Defendant
5  HARTFORD CASUALTY INSURANCE COMPANY

E-filing

MMC

8              UNITED STATES DISTRICT COURT

9     NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

10

11  MATTHEW McCARTHY,                    CV 08    4101    CASE NO.

12              Plaintiff,               NOTICE OF REMOVAL OF CIVIL
                                         ACTION UNDER 28 U.S.C. § 1441(b)
13  vs.

14  HARTFORD CASUALTY                    DATE ACTION FILED:    7/14/2008
    INSURANCE COMPANY, DOES 1-           TRIAL DATE:           Not Set
15  10,

16              Defendants.

17

18  TO THE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE

19  NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION:

20          Defendant Hartford Casualty Insurance Company (hereinafter "Hartford")

21  hereby removes to this Court pursuant to 28 U.S.C. section 1441(b), the state court

22  action described below.

23          1.      On July 14, 2008, Plaintiff Matthew McCarthy filed an action in the

24  Superior Court of the State of California in and for the County of San Francisco,

25  entitled *McCarthy v. Hartford Casualty Insurance Company,* Case No. CGC-08-

26  477514.  A copy of the following pleadings in the action and other documents are

27  attached hereto:

28              Exhibit A, 7/14/2008 Complaint

*(left margin vertical text)* BERGER KAHN / A Law Corporation / 7200 Redwood Blvd., Suite 325 / Novato, CA  94945

1

1    Exhibit B, 7/14/2008 Summons

2    Exhibit C, Notice of Case Management Conference

3    Exhibit D, 8/26/2008 Answer to Complaint

4    2.    On July 28, 2008, Plaintiff's Summons and Complaint were served by

5    mail on Hartford Casualty Insurance Company.

6    3.    This action is a civil action of which this Court has original

7    jurisdiction under the provisions of 28 U.S.C. section 1332, and is one which may

8    be removed to this Court by Hartford pursuant to 28 U.S.C. section 1441(b), in that

9    it is a civil action between citizens of different states and the matter in controversy

10    exceeds $75,000, exclusive of interest and costs.  Plaintiff's Complaint alleges

11    tortious breach of an insurance contract.  Plaintiff alleges contract benefits owed of

12    $28,813.77 (Complaint, 4:16), resulting financial losses (Complaint, 5:14),

13    emotional distress damages (Complaint, 5:15-17), and punitive damages

14    (Complaint, 5:18-21, and item no. 4 of the prayer for relief).

15    4.    Hartford is informed and believes and thereby alleges that Plaintiff is

16    a citizen of the State of California, and resides in San Francisco.  Plaintiff's

17    Complaint alleges Hartford is authorized to transact business in the State of

18    California.  Complaint: 1:21-22.  Hartford was, at the time of the filing of this

19    action, and still is, a corporation incorporated under the laws of the State of

20    Indiana, with its principal place of business in the State of Connecticut.

21    DATED: August 27, 2008

BERGER KAHN
A Law Corporation

22

23

24    By: _____
          ANN K. JOHNSTON
25    Attorneys for Defendant
Hartford Casualty Insurance Company

26

27

28

BERGER KAHN
A Law Corporation
7200 Redwood Blvd, Suite 325
Novato, CA 94945

2

BERGER KAHN
A Law Corporation
7200 Redwood Blvd., Suite 325
Novato, CA 94945

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# AFFIDAVIT AND DECLARATION OF PROOF OF SERVICE

I am over the age of eighteen years and not a party to the within action. I am employed by Berger Kahn, A Law Corporation, whose business address is: 7200 Redwood Boulevard, Suite 325, Novato, CA 94945 ("the firm").

On August 27, 2008, I served the within document(s) described as: **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 141(b)** on the interested parties in this action by placing true copy(ies) thereof enclosed in sealed envelope(s) addressed as follows:

Brendan Hallinan
Michael McCloskey
819 Eddy Street
San Francisco, CA  94109
Tel: 415-771-6174

☒ **BY MAIL**(C.C.P. § 1013(a))–I deposited such envelope(s) for processing in the mail room in our offices. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Novato, California, in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐ **BY FAX** (C.C.P. § 1013(a), (e); CRC 2008)–by transmitting said document(s) by electronic facsimile at approximately          .m. at 7200 Redwood Boulevard, Suite 325, Novato, California  94945, to the respective facsimile number(s) of the party(ies) as stated on the attached mailing list. The facsimile machine I used complied with California Rules of Court, rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, rule 2008(e), I caused the machine to print a record of the transmission, a copy of which is attached to this declaration.

☐ **BY OVERNIGHT MAIL**(C.C.P. § 1013(c))–I placed said envelope(s) for collection by ***Federal Express/Golden State Overnight***, following ordinary business practices, at the business offices of Berger Kahn for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

I am "readily familiar" with the firm's practice of collection and processing of correspondence for service with said overnight mail service. It is deposited with said overnight mail service on that same day in the ordinary course of business. I am aware that, on motion of a party served, service is presumed invalid if said overnight delivery service cancellation date or delivery date on the overnight delivery service slip is more than one day after the date of deposit with said overnight delivery service contained in this affidavit.

☐ **BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED**–I served the within document(s) by placing ☐ the original ☐ true copy(ies) thereof enclosed in sealed envelope(s) with Certified Mail, Return Receipt Requested, postage thereon fully prepaid and by causing such envelope(s) to be deposited in the mail at 7200 Redwood Boulevard, Suite 325, Novato, California  94945.

Notice of Removal of Civil Action                              Case No. _____

I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing by Certified Mail, Return Receipt Requested, with the United States Postal Service: it is deposited with the United States Postal Service on that same day in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postal meter date on the envelope(s) is more than one day after the date of deposit for mailing contained in this affidavit.

☐ **BY PERSONAL SERVICE** (C.C.P. § 1011(a))–I delivered such envelope(s) by hand to the offices of the addressee(s).

☐ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 27, 2008, at Novato, California.

MARLA TOM

BERGER KAHN
*A Law Corporation*
7200 Redwood Blvd, Suite 325
Novato, CA 94945

Notice of Removal of Civil Action                                   Case No. _____

# EXHIBIT A

1  Brendan Hallinan #232052   CASE MANAGEMENT CONFERENCE SET
   Michael McCloskey #55903
2  819 Eddy Street
   San Francisco, Ca 94109          DEC 1 2 2008  -9ᵒᵒ AM
3  415-771-6174

4  Attorneys for Plaintiff                    DEPARTMENT 212
   MATTHEW McCARTHY

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

JUL 1 4 2008

GORDON PARK-LI, Clerk
BY: _____ DEBORAH STEPPE
                 Deputy Clerk

5

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   COUNTY OF SAN FRANCISCO

10                UNLIMITED CIVIL JURISDICTION

11

12  MATTHEW McCARTHY,              )  Case No.: CGC-08-477514
                                   )
13              Plaintiff,         )  COMPLAINT FOR DAMAGES
                                   )
14      vs.                        )  (Tortious Breach of Insurance Contract)
                                   )
15  HARTFORD CASUALTY INSURANCE    )
                                   )       LAW DEPARTMENT
16  COMPANY,  DOES 1-10,           )
                                   )         JUL 3 0 '08
17              Defendants.        )
                                            RECEIVED
18  _____

19  Plaintiff Matthew McCarthy alleges:

20      1. Defendant HARTFORD INSURANCE CASUALTY INSURANCE COMPANY is,

21  and at all times herein mentioned was, a corporation authorized to transact, and transacting,

22  business in California as an automobile liability and property insurer, doing business in the City

23  and County of San Francisco.

24      2. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as

25  DOES 1-10, and therefore sues said defendants by such fictitious names.  Plaintiff is informed

                                    -1-

1   and believes, and thereon alleges, that each of the fictitiously named defendants is responsible in

2   some way for the occurrences herein alleged and, in doing the things herein alleged, was acting

3   as the agent of each of the other defendants. Plaintiff will amend this Complaint to allege their

4   true names and capacities when ascertained.

5        3. Defendant at all times relevant to this Complaint was and is doing business within the

6   jurisdictional boundaries of this court. The acts complained of herein and/or the damages legally

7   attributable to Defendant and the other Defendants herein were all committed within the

8   jurisdictional boundaries of this court.

9        4. At all times herein mentioned, Plaintiff had in full force and effect a written

10   automobile insurance policy, Hartford Insurance Company automobile policy number

11   56PH291253, hereinafter referred to as "the policy," issued to Plaintiff as the insured by

12   Defendant and covering a 2005 Pontiac GTO automobile, California license number 5SGT195,

13   hereinafter referred to as "the automobile," of which Plaintiff was the registered owner. Implied

14   in the policy was a covenant by the Defendant that it would act in good faith and deal fairly with

15   the insured and that it would do nothing to interfere with the rights of the insured to receive the

16   benefits of the agreement.

17        5. The policy, among other things, provided coverage for loss of or damage to Plaintiff's

18   automobile, including loss by theft, as follows:

19         "Part D – Coverage for Damage to Your Auto"

20         "Insuring Agreement"

21         "A. We will pay for direct and accidental loss to your covered auto or any non-

22   covered auto including their equipment, minus any applicable deductible shown in the

23   Declarations."

24        6. Sometime between Sunday, September 16, 2007, at 3:00 P.M. and Wednesday,

25   September 19, 2007, at 1:00 P.M., the automobile was stolen from the location where it was

1 parked on Balboa Street, between 48th Avenue and LaPlaya, in San Francisco. Plaintiff noticed

2 that the vehicle was missing on September 19, 2007, and, on that date he telephoned the San

3 Francisco Police Department and Defendant Hartford Insurance Company to notify both

4 agencies of the theft of the vehicle. On September 20, 2007, Plaintiff went to the San Francisco

5 Police Department and filed theft report number 07-0961020, documenting the theft.

6     7. By the provisions of the policy, Defendant represented to Plaintiff that if Plaintiff

7 complied with all terms and conditions of the policy, Defendant would pay Plaintiff for direct

8 and accidental loss to his covered auto, including equipment. Plaintiff duly complied with all the

9 material terms and conditions on his part to be performed and was entitled to be paid for the loss

10 of his vehicle.

11     8. In addition, the insurance policy provided for payment to Plaintiff's lender, the "Loss

12 Payee," who had financed the auto. The Loss Payable clause of Plaintiff's insurance policy

13 provided:

14       "Loss or damage under this policy shall be paid as interest may appear to you and
the loss payee shown in the Declarations. This insurance with respect to the interest of

15 the loss payee shall not become invalid because of your fraudulent acts or omissions
unless the loss results from your conversion, secretion, or embezzlement of your covered

16 auto. However, we reserve the right to cancel the policy as permitted by policy terms and
the cancellation shall terminate this agreement as to the loss payee interests. We will

17 give the same advance notice of cancellation to the loss payee as we give to the named
insured shown in the Declarations.

18

19       "When we pay the loss payee, we shall, to the extent of payment, be subrogated to
the loss payee's rights of recovery."

20

21     9. Plaintiff duly complied with all the material terms and conditions of the policy on his

22 part to be performed, and was entitled to have his Loss Payee lender paid for its interest in the

23 subject auto.

24     10. Defendant's above-stated representations in its policy were false and fraudulent in

25 that Defendant never intended to pay either Plaintiff or his Loss Payee for their respective

interests in the stolen automobile. Instead, Defendant had a fixed and firm policy of not paying

1  such benefits based on contrived and false reasons.  Defendant accused Plaintiff of making

2  materially false and fraudulent statements to Defendant, and accused Plaintiff—with no evidence

3  whatsoever—of conspiring in the theft of the vehicle by "directing" or "assisting" in the removal

4  of the insured vehicle for the purpose of its dismantling.  These accusations against Plaintiff were

5  false and without foundation or justification.  At the time Defendant entered into the insurance

6  contract with Plaintiff, Defendant willfully concealed the above facts or its policy of non-

7  payment for bogus reasons, all for the purpose of defrauding and deceiving Plaintiff and

8  inducing him to purchase the policy.

9        11.  Plaintiff, at the time Defendant made the representations that it would pay Plaintiff

10  and his Loss Payee in the event of theft of the auto, believed them to be true and, in reliance on

11  them, was induced to, and did, enter into the insurance contract with Defendant.  Had Plaintiff

12  known the true facts, he would not have purchased the policy.

13        12.  At all times herein material, Defendant knew that the value of Plaintiff's stolen

14  automobile was approximately $26,000.00 and that Plaintiff's outstanding balance on the auto

15  was $28,813.77, payable to his lender, the Loss Payee, and  that Defendant was therefore

16  obligated to pay Plaintiff and the Loss Payee the full amount of their respective interests in the

17  subject auto.

18        13.  Notwithstanding Defendant's knowledge of its obligation to pay Plaintiff and the

19  Loss Payee, Defendant denied coverage for Plaintiff's claim and declined to pay the Loss Payee

20  the balance of Plaintiff's debt.

21        14.  For the purpose of causing Plaintiff to incur substantial detriment, delay and

22  additional expenditures in pursuing enforcement of his claim, all during which time Defendant

23  would retain use of the money, Defendant, in breach of its covenant of good faith and fair

1    dealing, intentionally, maliciously, and oppressively refused and failed to pay Plaintiff or his

2    Loss Payee in accordance with the terms of the policy. To effectuate this refusal too pay

3    Plaintiff and the Loss Payee, Defendant manufactured the pretexts that Plaintiff had made

4    material false statements to Defendant and that Plaintiff directed or assisted in the removal of the

5    insured vehicle for the purposes of dismantling. Both of these pretexts are false, and Defendant

6    manufactured them without any evidence to support them.

7        15. As a direct and proximate result of Defendant's wrongful conduct as herein alleged,

8    Plaintiff has been forced to continue making his monthly automobile payments to his lender the

9    Loss Payee, even though the automobile has been destroyed as a total loss and has not been

10   driveable since the theft.

11

12       16. As a further direct and proximate result of Defendant's wrongful conduct as herein

13   alleged, Plaintiff has lacked sufficient funds to obtain a replacement vehicle, and has been forced

14   to live without an automobile, to his great inconvenience and financial loss.

15       17.   As a further direct and proximate result of Defendant's wrongful conduct as herein

16   alleged, Plaintiff sustained emotional and mental distress and anguish, embarrassment,

17   humiliation and indignity, all to his general damage.

18       18. In committing the acts described in this Complaint, Defendant acted in conscious

19   disregard of the rights of Plaintiff, with malice, fraud, and oppression, and with the intention and

20   design of injuring and oppressing Plaintiff. For these reasons, Plaintiff seeks punitive and

21   exemplary damages against Defendant.

22       WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as

23   follows:

24

25       1. For special damages;

1     2. For general damages;

2     4. For punitive and exemplary damages;

3     4. For costs of suit herein; and

4     5. For such further relief as the Court deems proper.

5

6

Dated: July 11, 2008.

7

8

9     Brendan V. Hallinan
      Attorney for Plaintiff
10    MATTHEW McCARTHY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PA0007408216



**CSC.**

CORPORATION SERVICE COMPANY®

**RECEIVED**

JUL 3 1 '08

CZG / ALL
Transmittal Number: 5936312
Date Processed: 07/29/2008

SELECT LITIGATION STAMP

## Notice of Service of Process

| | |
|---|---|
| Primary Contact: | Mr. Michael Johnson Law Department<br>The Hartford<br>One Hartford Plaza<br>Law Department<br>Hartford, CT 06105 |

| | |
|---|---|
| Entity: | Hartford Casualty Insurance Company<br>Entity ID Number 2344251 |
| Entity Served: | Hartford Casualty Insurance Company |
| Title of Action: | Matthew McCarthy vs. Hartford Casualty Insurance Company |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court: | San Francisco  Superior Court, California |
| Case Number: | CGC-08-477514 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 07/28/2008 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Regular Mail |
| Plaintiff's Attorney: | Brendan V. Hallinan<br>415-771 -6174 |

**LAW DEPARTMENT**

JUL 3 0 '08

**RECEIVED**

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

# EXHIBIT B

SUM-100

## SUMMONS
### *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HARTFORD CASUALTY INSURANCE COMPANY, DOES 1-10,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MATTHEW McCARTHY

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Francisco Superior Court, Unlimited Civil Jurisdiction<br>400 McAllister Street<br>San Francisco, CA 94102 | CASE NUMBER:<br>*(Número del Caso):*  08-477514 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Brendan Hallinan, Michael McCloskey
819 Eddy Street, San Francisco, CA 94109, Phone (415) 7716174

D. STEPPE

| DATE:<br>*(Fecha)*  JUL 1 4 2008  GORDON PARK-LI | Clerk, by _____ , Deputy<br>*(Secretario)*                                     *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: Hartford Casualty Insurance Company

    under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>American LegalNet, Inc.  www.USCourtForms.com |
|---|---|---|

# EXHIBIT C

CASE NUMBER: CGC-08-477... 4 MATTHEW MCCARTHY VS. HART... RD CASUALTY INSUI

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

| | |
|---|---|
| **DATE:** | **DEC-12-2008** |
| **TIME:** | **9:00AM** |
| **PLACE:** | **Department 212** |
| | **400 McAllister Street** |
| | **San Francisco, CA  94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL. (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

# EXHIBIT D

1   ANN K. JOHNSTON, ESQ. (SBN 145022)
    BERGER KAHN
2   A Law Corporation
    7200 Redwood Boulevard, Suite 325
3   Novato, CA 94945
    Tel: (415) 899-1770 • Fax: (415) 899-1769

4

5   Attorneys for Defendant
    HARTFORD CASUALTY INSURANCE COMPANY

6

7

8         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9             **FOR THE COUNTY OF SAN FRANCISCO**

10

11   MATTHEW McCARTHY,          CASE NO. CGC-08-477514

12            Plaintiff,     **ANSWER TO COMPLAINT FOR DAMAGES**

13   vs.                    **BY FAX**

14   HARTFORD CASUALTY
    INSURANCE COMPANY, DOES 1-    DATE ACTION FILED:   7/14/2008
15   10,                      TRIAL DATE:            N/A

16            Defendants.

17

18       COMES NOW Defendant Hartford Casualty Insurance Company (hereinafter

19   referred to as "Defendant"), and answers Plaintiff's Complaint, on behalf of itself and

20   itself alone as follows:

21                      **GENERAL DENIAL**

22       Pursuant to the provisions of Code of Civil Procedure section 431.30, Defendant

23   denies, generally and specifically, each and every allegation of the Complaint and all

24   causes of action contained therein. Defendant further denies that Plaintiff has sustained

25   any injury, damage, or loss by reason of any alleged act or omission of Defendant or any

26   of its employees or representatives.

27       For separate and distinct defenses, Defendant alleges as follows:

28   ///

ENDORSED
FILED
Superior Court of California
County of San Francisco

AUG 26 2008

GORDON PARK-LI, Clerk
BY: BERNADETTE THOMPSON
Deputy Clerk

BERGER KAHN
A Law Corporation
7200 Redwood Blvd., Suite 325
Novato, CA 94945

1

BERGER KAHN
*A Law Corporation*
7200 Redwood Blvd., Suite 325
Novato, CA 94945

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Sufficient Facts – Complaint)

The Complaint and each and every purported cause of action therein fails to state sufficient facts to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Uncertain – Complaint)

The Complaint, and all allegations and causes of action therein, are uncertain.

## THIRD AFFIRMATIVE DEFENSE

### (Limitations Periods)

The Complaint, and all allegations and causes of action therein, are barred by the applicable limitations periods, including but not limited to, limitations periods stated in Code of Civil Procedure sections 337, 338, 339, and 343, and the limitation period in the alleged insurance policy.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

Defendant is informed and believes and thereon alleges that the Complaint, and each and every cause of action therein, is barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

Defendant is informed and believes and thereon alleges that the Complaint, and each cause of action therein, are barred by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

Defendant is informed and believes and thereon alleges that the Complaint, and each cause of action therein, are barred by the doctrine of estoppel.

///

///

///

2

BERGER KAHN
A Law Corporation
7200 Redwood Blvd., Suite 325
Novato, CA 94945

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Defendant is informed and believes and thereon alleges that the Complaint, and each cause of action therein, are barred by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### (Comparative Fault/Negligence)

Defendant is informed and believes and thereon alleges that any loss, injury, damage, or detriment suffered by Plaintiff was proximately caused by and/or contributed to by the acts, omissions, and/or negligence of Plaintiff, Plaintiff's agents and/or third parties other than Defendant.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Defendant is informed and believes and thereon alleges that Plaintiff and Plaintiff's agents failed to act reasonably to minimize, avoid or otherwise mitigate any loss, injury, damage, or detriment suffered by Plaintiff and, as a result, Plaintiff is barred or otherwise prevented from recovering damages from Defendant.

## TENTH AFFIRMATIVE DEFENSE

### (Concealment and/or Misrepresentation)

Defendant is informed and believes and thereon alleges that Plaintiff and/or his representatives negligently or intentionally concealed, misrepresented and/or failed to disclose material facts to Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Policy Exclusions, Limitations and Conditions)

Defendant is informed and believes and thereon alleges that the applicable terms, provisions, exclusions, limitations and conditions within the insurance policy alleged in Plaintiff's Complaint, preclude the Complaint and recovery for the damages requested in the Complaint.

///

3

## TWELFTH AFFIRMATIVE DEFENSE

### (Plaintiff's Breach)

Defendant is informed and believes and thereon alleges that Plaintiff has breached the conditions of the insurance policy that is the subject of Plaintiff's Complaint. Plaintiff is thereby precluded from recovering the damages sought in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Privilege)

Hartford's conduct in investigating and evaluating Plaintiff's subject claim for insurance benefits was privileged.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Uncertain Contract Damages Barred)

Defendant is informed and believes and thereon alleges that Plaintiff's purported claims for damages for breach of contract are not clearly ascertainable in both their nature and origin and are barred by California Civil Code Section 3301 (damages must be certain).

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Right to Amend)

Defendant reserves the right to amend this answer, to assert additional affirmative defenses and to supplement, alter or change this answer and defenses upon revelation of more definitive facts by Plaintiff and/or upon discovery and investigation in this matter.

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff take nothing by way of hisComplaint;

2.    That Plaintiff's action be dismissed with prejudice and that Defendant be awarded judgment against Plaintiff;

///

///

///

BERGER KAHN
A Law Corporation
7200 Redwood Blvd., Suite 325
Novato, CA  94945

4

Answer to Complaint                                    Case No. CGC-08-477514

1    3.    For costs of suit incurred herein; and,

2    4.    For such other and further relief as this Court may deem just and proper.

3    DATED: August 26, 2008                    BERGER KAHN
                                               A Law Corporation
4

5

6    By: _____
                    Ann K. Johnston
7    Attorneys for Defendant
     Hartford Casualty Insurance Company
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BERGER KAHN
A Law Corporation
7200 Redwood Blvd., Suite 325
Novato, CA  94945

5

Answer to Complaint                                    Case No. CGC-08-477514

# AFFIDAVIT AND DECLARATION OF PROOF OF SERVICE BY MAIL

## (Code Civ. Proc. §§ 1013a(3) and 2015.5)

STATE OF CALIFORNIA ) ss.
COUNTY OF MARIN )

I, the undersigned, am employed in the County of Marin, State of California. I am over the age of 18 and not a party to the within action.

I am employed by Berger Kahn, A Law Corporation, whose business address is: 7200 Redwood Boulevard, Suite 325, Novato, CA 94945 (the "firm").

On August 26, 2008, I served the foregoing document(s) described as **ANSWER TO COMPLAINT FOR DAMAGES** on the interested parties in this action by placing ☐ the original ☒ true copy(ies) thereof, enclosed in sealed envelope(s) with postage thereon fully prepaid and by causing such envelope(s) to be deposited in the mail at 7200 Redwood Boulevard, Suite 325, Novato, California 94945, addressed as follows:

Brendan V. Hallinan
Michael McCloskey
819 Eddy Street
San Francisco, CA 94109
Tel: 415-771-6174

I am readily familiar with the firm's practice of collecting and processing correspondence for mailing with the United States Postal Service: it is deposited with the United States Postal Service on that same day in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postal meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 26, 2008, at Novato, California.

MARLA TOM

Answer to Complaint                                            Case No. CGC-08-477514