IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW MCCARTHY,<br><br>    Plaintiff,<br><br>  v.<br><br>HARTFORD CASUALTY INSURANCE COMPANY,<br><br>    Defendant | No. C-08-4101 MMC<br><br>**ORDER TO SHOW CAUSE** |

    Before the Court is defendant Hartford Casualty Insurance Company's notice of removal, filed August 27, 2008, wherein defendant contends the Court has diversity jurisdiction over the above-titled action. In the complaint, plaintiff Matthew McCarthy seeks $28,813.77 in damages for defendant's alleged breach of the insurance contract at issue, (see Compl. ¶ 12), as well as an unspecified amount of damages for his "great inconvenience and financial loss" for having "been forced to live without an automobile," (see id. ¶ 16), an unspecified amount of damages for emotional distress, (see id. ¶ 17), and an unspecified amount of punitive and exemplary damages, (see id. ¶ 18).

    A federal district court has jurisdiction over removed actions only if such court would have had original jurisdiction over the action had it originally been filed therein. See 28 U.S.C. § 1441(a). The instant action contains no federal claims. Under such

circumstances, the federal district court has subject-matter jurisdiction only if the action is between citizens of different states and the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332(a).

Defendant's notice of removal asserts that the amount in controversy exceeds $75,000, but fails to submit evidence to support that assertion.  To the extent defendant may be suggesting that an award for the types of damages claimed by plaintiff would exceed the $75,000 jurisdictional threshold, it fails to compare the facts alleged in the instant action to any case in which such damages were awarded, and fails to submit any evidence suggesting that such awards are routine.  As a consequence, defendant has failed to establish diversity jurisdiction.  See Gaus v. Miles, 980 F.2d 564, 567 (9th Cir. 1992) (holding defendant in removed action "bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount.")

Accordingly, defendant is hereby ORDERED TO SHOW CAUSE in writing, filed and served no later than September 12, 2008, why the instant action should not be remanded for lack of subject matter jurisdiction.  Plaintiff may file a reply to defendant's response to the order to show cause no later than September 26, 2008.  The matter will stand submitted on that date, and will be decided without a hearing, unless the Court determines, after reviewing the parties' submissions, that a hearing is necessary.  See Civ. L.R. 7-1(b).

**IT IS SO ORDERED.**

Dated: August 29, 2008

MAXINE M. CHESNEY
United States District Judge