IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW McCARTHY, | No. C-08-4101 MMC |
| Plaintiff, | **ORDER REMANDING ACTION** |
| v. | |
| HARTFORD CASUALTY INSURANCE COMPANY, | |
| Defendant. | |

On August 27, 2008, defendant Hartford Casualty Insurance Company ("Hartford") removed the above-titled action to district court. On August 29, 2008, the Court ordered Hartford to show cause why the action should not be remanded for lack of subject matter jurisdiction, based on Hartford's failure to submit evidence supporting its assertion that the amount in controversy exceeds $75,000. (See Order filed Aug. 29, 2008 ("Order to Show Cause").) On September 12, 2008, Hartford responded to the Court's Order to Show Cause, and on September 26, 2008, plaintiff Matthew McCarthy ("McCarthy") replied to Hartford's response. Having read and considered the parties' submissions, the Court rules as follows.

//
//
//

McCarthy's complaint asserts a single state law claim for bad faith denial of coverage for the theft of McCarthy's automobile, and, as the Court noted in its Order to Show Cause, the complaint

> seeks $28,813.77 in damages for [Hartford's] alleged breach of the insurance contract at issue, (see Compl. ¶ 12), as well as an unspecified amount of damages for [McCarthy's] 'great inconvenience and financial loss' for having 'been forced to live without an automobile,' (see id. ¶ 16), an unspecified amount of damages for emotional distress, (see id. ¶ 17), and an unspecified amount of punitive and exemplary damages, (see id. ¶ 18).

(See Order to Show Cause at 1.) Because the instant action contains no federal claims, this Court has subject matter jurisdiction "only if the action is between citizens of different states and the amount in controversy exceeds $75,000." (See Order to Show Cause at 2 (citing 28 U.S.C. § 1332(a)).)[1]

In an action removed from state court, "the defendant always has the burden of establishing that removal is proper." See Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). With respect to the minimum amount in controversy, "normally, this burden is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement." See id. "If it is unclear what amount of damages the plaintiff has sought . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." Id. at 566-67 (emphasis in original). To carry this burden, the defendant must "prov[e] by a preponderance of evidence that the amount in controversy exceeds [$75,000]." See Singer v. State Farm Mutual Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997).

Here, Hartford argues the amount in controversy requirement is satisfied "despite the fact that the sums certain stated in [McCarthy's] complaint total only $28,813.77." (See Def.'s Mem. P. & A. Showing Cause Why Action Should Not Be Remanded (hereafter, "Response"), at 2.) Specifically, Hartford asserts that McCarthy's claims for unspecified amounts of punitive and exemplary damages, in addition to his claims for damages for his having been "forced to live without an automobile" (see Compl. ¶ 16) and emotional distress, bring the total amount in controversy to a sum sufficient to meet the jurisdictional

---

[1] The parties do not dispute that diversity of citizenship is established.

minimum "based on awards and the resolution in analogous wrongful denial cases under California law" (see Response at 4).  In support thereof, Hartford cites verdicts in three California state court cases involving bad faith denial of coverage claims in which juries awarded damages in excess of $75,000, primarily for emotional distress and punitive damages.  (See Response at 4.)

Although evidence of non-economic and punitive damages awards in analogous cases may be considered in determining whether the amount in controversy requirement is satisfied, see, e.g., Simmons v. PCR Tech., 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) (noting "[t]o establish probable punitive damages, defendant may introduce evidence of jury verdicts in cases involving analogous facts"), Hartford has cited no authority for the proposition that such evidence, either standing alone or coupled with an economic loss as low as that pleaded herein, is sufficient to carry a defendant's "burden of establishing that removal is proper," see Gaus, 980 F.2d at 566.  Indeed, the authority on which Hartford relies suggests the contrary.  See Kroske v. US Bank Corp., 432 F.3d 976, 980 (2006) (noting "[i]n determining the amount in controversy, the district court properly considered [plaintiff's] interrogatory answers and emotional distress damage awards in similar age discrimination cases"; further noting district court had concluded plaintiff's "lost wages amounted to at least $55,000"); De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993) (noting, in wrongful death case, "the defendants . . . offered testimonial evidence and published precedent"; further noting "plaintiffs . . . [had] claimed damages of up to $5,000,000 in other courts for the same injuries"); Harding v. U.S. Figure Skating Ass'n, 851 F. Supp. 1476, 1481 (D. Or. 1994) (noting, in action to enjoin disciplinary hearing, defendant skating association, in addition to "awards from other cases," had "reminded [the] court that when plaintiff sued the United States Olympic Committee several months [prior], she valued the right to skate at over twenty million dollars").

Further, even assuming the three verdicts cited by Hartford constitute a sample of sufficient size for purposes of meaningful extrapolation, those verdicts were awarded in cases that are either distinguishable on their facts or do not contain sufficient facts to

3

support a finding that such cases are "analogous" to the instant action.  See McCoy v. Progressive West Ins. Co., No. BC331105 (Los Angeles County Super. Ct. 2007)[2] (punitive damages awarded where insurer denied auto theft claim on ground insured involved in theft, but failed, against advice of own investigators, to interview either witness who had accused insured, one of whom was ex-wife); Campbell v. Cal-Gard Surety Servs., 62 Cal. App. 4th 563, 570-71 (1998) (upholding punitive damages award where claim denied on basis insured failed to report vehicle theft within 48 hours, as required by policy, but policy "contained misrepresentations" and "unreasonably short notice period," insurer "had no policies or procedures for handling claims," and insurer "undertook no investigation of . . . claim or [insured's] excuse for late reporting"); Espinoza v. Infinity Ins. Co., No. B175171, 2005 WL 2185527 (Cal. Ct. App. Sept. 12, 2005) (denying motion to set aside settlement of insurance bad faith claim where insurer had denied coverage on ground insured had been complicit in theft of insured's vehicle).

In sum, Hartford has failed to show it is more likely than not that the amount in controversy in the instant action exceeds $75,000.

Accordingly, Hartford has failed to carry its "burden of establishing that removal is proper." See Gaus, 980 F.2d at 566.

**CONCLUSION**

For the reasons stated above, the instant action is hereby REMANDED to the Superior Court of the State of California for the County of San Francisco.

**IT IS SO ORDERED.**

Dated: November 21, 2008

MAXINE M. CHESNEY
United States District Judge

---

[2] The verdict in McCoy is listed at 2007 Mealey's California Jury Verdicts & Settlements 2228.  (See Response Ex. A.)